# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER MAUDLIN,** | * | **CASE NO. 3:13-cv-00354** |
| Plaintiff. | | Judge Thomas M. Rose |
| v. | * | |
| **INSIDE OUT, INC., et al.,** | | **ANSWER OF DEFENDANTS INSIDE OUT, INC. AND WILLIAM STOUT TO PLAINTIFF'S COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| Defendants. | * | |

Now come defendants Inside Out, Inc. and William Stout to answer the allegations contained in the plaintiff's complaint as follows:

## FIRST DEFENSE

1. In response to the allegations contained in paragraphs 1 and 31 of the complaint, these answering defendants state that they lack sufficient information upon which to base a belief concerning the validity of said allegations and therefore deny them in their entirety.

2. These answering defendants deny the allegations contained in paragraphs 2, 3, 12, 13, 15, 16, 17, 18, 19, 20 (including sub-paragraphs a-b), 21, 22, 24 (including sub-paragraphs a-c), 25, 27 (including sub-paragraphs a-b) and 29 of the complaint.

3. These answering defendants admit the allegations contained in paragraph 10 of the complaint.

4. In response to the allegations contained in paragraph 4 of the complaint, these answering defendants admit that this court has subject matter jurisdictions over the allegations of the plaintiff that are based upon Title VII of the Civil Rights Act of 1964, as amended. The remaining allegations of paragraph 4 are denied for lack of knowledge.

5. In response to the allegations contained in paragraph 5 of the complaint, these answering defendants admit that venue is proper in this court. The remaining allegations of paragraph 5 are denied.

6. In response to the allegations contained in paragraph 6 of the complaint, these answering defendants admit that the plaintiff submitted a charge to the Equal Employment Opportunity Commission, and that said charge was dismissed with a notice of right to sue issued. The remaining allegations of paragraph 6 are denied.

7. In response to the allegations contained in paragraph 7 of the complaint, these answering defendants admit that plaintiff Jennifer Maudlin is female. The remaining allegations of paragraph 7 are denied for lack of knowledge.

8. In response to the allegations contained in paragraph 8 of the complaint, these answering defendants admit that Inside Out, Inc. is a non-profit, charitable organization with facilities located in Springfield, Ohio, including a community center, meal preparation center and child-care center, and that it adheres to Christian principles. The remaining allegations of paragraph 8 are denied for lack of knowledge.

9. In response to the allegations contained in paragraph 9 of the complaint, these answering defendants admit that William Stout is the founder, president, and a director of Inside Out, Inc. The remaining allegations of paragraph 9 are denied for lack of knowledge.

10. In response to the allegations contained in paragraph 11 of the complaint, these answering defendants admit that Inside Out, Inc. has issued employee handbooks, the terms of which speak for themselves. The remaining allegations of paragraph 11 are denied for lack of knowledge.

11. In response to the allegations contained in paragraph 14 of the complaint, these answering defendants admit that during the first week of September, 2012, Ms. Maudlin informed Inside Out, Inc. that she was pregnant. The remaining allegations of paragraph 14 are denied.

12. In response to the allegations incorporated by reference in paragraphs 23, 26, 28 and 30 of the complaint, these answering defendants admit and deny said allegations in the same manner and to the same extent that such are otherwise admitted or denied herein.

13. These answering defendants deny each and every allegation of the complaint not otherwise specifically admitted or denied herein.

## FIRST AFFIRMATIVE DEFENSE

14. These answering defendants state that the complaint is barred pursuant to the ministerial exception doctrine.

## SECOND AFFIRMATIVE DEFENSE

15. These answering defendants state that the complaint is barred by public policy considerations.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

**THIRD AFFIRMATIVE DEFENSE**

16. These answering defendants state that the plaintiff voluntarily resigned her position with Inside Out, Inc.

**FOURTH AFFIRMATIVE DEFENSE**

17. These answering defendants state that there is no individual or personal liability for the Title VII allegations of the plaintiff, which allegations are specifically denied.

**FIFTH AFFIRMATIVE DEFENSE**

18. These answering defendants state that no adverse employment action occurred with regard to the plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

19. These answering defendants state that the complaint is barred pursuant to the doctrines of waiver, estoppel and laches.

**SEVENTH AFFIRMATIVE DEFENSE**

20. These answering defendants state that the plaintiff has sustained no irreparable harm, thus negating any claim for injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

21. These answering defendants state that the plaintiff lacks standing to pursue injunctive relief.

**NINTH AFFIRMATIVE DEFENSE**

22. These answering defendants state that the plaintiff lacks clean hands.

**TENTH AFFIRMATIVE DEFENSE**

23. These answering defendants state that the complaint is barred by freedom of religion as guaranteed by the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

24. These answering defendants state that any claim of the plaintiff for punitive damages is barred by the Ohio and United States constitutions.

**TWELFTH AFFIRMATIVE DEFENSE**

25. These answering defendants state that they acted in good faith toward the plaintiff at all times.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

## THIRTEENTH AFFIRMATIVE DEFENSE

26. These answering defendants state that any employment action taken with regard to the plaintiff was for legitimate, non-discriminatory business reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

27. These answering defendants state that the plaintiff has failed to mitigate the damages alleged in the complaint.

WHEREFORE, defendants William Stout and Inside Out, Inc. hereby request this court to dismiss the complaint with an order that all costs be paid by the plaintiff.

Respectfully submitted,

 */s/  Christopher F. Johnson*
Christopher F. Johnson (0005240)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH  45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
cjohnson@ffalaw.com
Attorney for Defendants

## JURY DEMAND

Now come defendants Inside Out, Inc. and William Stout to request that the issues raised herein be submitted to trial by jury.

Respectfully submitted,

 */s/  Christopher F. Johnson*
Christopher F. Johnson (0005240)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH  45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
cjohnson@ffalaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this **21st** day of **November**, 2013, via **electronic mail** upon the following:

Mr. James L. Hardiman (0031043)
jhardiman@acluohio.org
TRIAL ATTORNEY
Ms. Jennifer Martinez Atzberger (0072114)
jatzberger@acluohio.org
Mr. Drew S. Dennis (0072114)
ddennis@acluohio.org
American Civil Liberties
Union of Ohio Foundation
4506 Chester Ave.
Cleveland, OH 44103
216-473-2220

Ms. Lenora M. Lapidus
llapidus@aclu.org
American Civil Liberties Union
Women's Rights Project
125 Broad St., 18th Fl.
New York, NY 10004
212-519-7848

Ms. Freda J. Levenson (0045916)
fjl3@case.edu
21499 Shelborne Rd.
Shaker Heights, OH 44122
216-533-9490

Attorneys for Plaintiff

                                                     _/s/ Christopher F. Johnson_____
                                                     Christopher F. Johnson