IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| Jennifer Maudlin, | |
| Plaintiff, | Civil Action No. 3:13-cv-00354-TMR |
| v. | Judge Thomas M. Rose |
| Inside Out, Inc. and William Stout, | Magistrate Judge Sharon L. Ovington |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT WILLIAM STOUT'S MOTION TO DISMISS PLAINTIFF'S TITLE VII CLAIMS**

Plaintiff Jennifer Maudlin hereby submits this Memorandum in Opposition to Defendant William Stout's Motion to Dismiss Plaintiff's Title VII claims.

**OVERVIEW**

On October 1, 2013, Plaintiff Jennifer Maudlin ("Maudlin") filed a Complaint against defendants Inside Out, Inc. ("Inside Out") and William Stout ("Stout") alleging employment discrimination on the basis of sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and Ohio Rev. Code §4112.02(A), and wrongful discharge in violation of the public policy of the State of Ohio. On Nov. 21, 2013, Defendant Stout filed a motion to dismiss himself from the Title VII claims, which are Counts I and II of the four-count Complaint.

Stout seeks dismissal from these claims on the ground that Title VII does not subject him to liability in his personal capacity. *Motion of Defendant William Stout to Dismiss Plaintiff's Title VII Claims*, ¶1, 2. But, as shown below, as the "alter ego" of Inside Out, Stout is liable under Title VII in his official capacity. Therefore, because Plaintiff's Complaint alleges facts sufficient to firmly establish Stout's liability in his official capacity, Stout's motion must be denied.

## FACTUAL ALLEGATIONS

In 2008, Maudlin was employed as a cook at Inside Out, a Christian organization that comprises a community center, meal preparation facility, and childcare center in Springfield, Ohio. *Complaint*, ¶ 8, 10. Stout is and was the founder, the President, and the director of Inside Out. *Id*. ¶ 9.

Inside Out has a practice of terminating or taking other adverse employment actions against unmarried female employees if they became pregnant. *Id*. ¶ 18.

Maudlin was unmarried, and became pregnant. On or about August 28, 2012, she informed her immediate supervisor that she was pregnant. *Id*. ¶ 13, 14. Although Maudlin had always performed her assigned duties in a satisfactory manner, *Id*. ¶ 10, the supervisor told Maudlin that she, the supervisor, would have to discuss Maudlin's "situation" with the director, Stout. After speaking with Stout, the supervisor told Maudlin that Stout had decided to terminate Maudlin "given what had happened to other girls in Maudlin's situation." *Id*. ¶ 15. Thus, Maudlin was terminated, and the decision to terminate her was made by William Stout, the man who is the founder, the President, and the director of the organization. *Id.* ¶ 9, 15.

## STANDARD OF REVIEW

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *Grindstaff v. Green*, 133 F. 3d 416, 421 (6th Cir.1998); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The burden is on the moving party to prove that no legally cognizable claim for relief exists. *Mediacom Southeast LLC v. BellSouth Telecommunications*, Inc, 672 F. 3d

396, 399 (6th Cir. 2012).

## LAW AND ARGUMENT

Stout's Memorandum in support of his Motion to Dismiss devotes itself entirely to the proposition that individuals cannot be held liable under Title VII in their personal capacity. This contention misses the mark. Stout is liable in his official capacity. As shown below, Plaintiff has alleged facts amply establishing that Stout had significant control over Plaintiff's employment, such that for Title VII purposes Stout was the employer organization's alter ego, and is therefore subject to Title VII liability in his official capacity.

**Stout is Subject to Title VII in His Official Capacity**

### I. Individuals May Be Subject to Title VII in their Official Capacity

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, makes it unlawful for an "employer" to engage in certain discriminatory employment practices. Under the statute, "the term 'employer' means a person engaged in an industry affecting commerce… and any agent of such a person." 42 U.S.C. § 2000e. The Sixth Circuit has interpreted "agent" to mean "an individual who serves in a supervisory position and exercises significant control over plaintiff's hiring, firing or conditions of employment." *Wathen v. Gen. Elec. Co.*, 115 F.3 400, 405 (6thCir. 1997). (quoting *Pierce v. Commonwealth Life Ins. Co*. 40 F.3d 796, 803 (6th Cir. 1994)).

Accordingly, courts have consistently ruled that an individual in his official capacity as agent of an employer is a proper Title VII co-defendant alongside the employer, where the individual defendant has had a significant degree of control over the plaintiff-employee's working conditions.

One such case, involving a company owner who exerted a measure of control closely corresponding to Stout's, is *Trimble v. IQ Group*, No. 1:10-cv-26, 2010 WL 3851398 (E.D.Tenn. Sept. 27, 2010). In the *Trimble* case, a former employee filed a Title VII action against the company that had employed her, her former supervisor, and the company's

3

owner. *Trimble*, 2010 WL 3851398, at *2-3, Both individual defendants moved to be dismissed for lack of personal liability. *Id*. at *6. The court, observing that the Sixth Circuit had "set forth standards for determining whether a particular supervisor can be considered to be the alter ego of the employer," dismissed the supervisor, *Id*. at *5, but refused to dismiss the company owner because the owner "had direct control over, at a minimum [plaintiff's] promotion within the company and [because plaintiff's] rejection of his advances [led] directly to her termination." *Id*. at *6. The court observed that, because the individual defendant owned the company, it could be inferred that he exercised significant control over the plaintiff's activities, hiring, promotion, and termination. *Id*. The Court thus permitted the case to proceed against the company --- *and* its owner. *Id*. at *7.

## II. Stout Meets the Standard for Official Capacity Liability Under Title VII

In *Little v. BP Exploration & Oil Co.*, 265 F. 3d 357 (6th Cir. 2001) the Sixth Circuit Court of Appeals established the standard that has been consistently applied by district courts in this Circuit to determine whether a supervisor has official capacity liability under Title VII. The court stated, "[T]here is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer." *Id*. at 362, n.2. The court went on to state that the plaintiff "needs to make a showing that [the supervisor] had significant control over Plaintiff's hiring, firing and working conditions such that he could be considered the "alter ego" of [the company]. " *Id.* Applying this standard, the court declined to hold the plaintiff's former supervisor at *BP* liable under Title VII because the plaintiff had failed to make the required showing: The plaintiff had merely alleged that the supervisor admonished him for not wearing his uniform *Id.*, at 360, but had made no allegation that the supervisor had control over his hiring, firing, or working conditions. *Id*. at 362, n.2.

In *Butler v. Cooper-Standard Auto, Inc.*, No. 8-162, 2009 WL 455337 (N.D.Ohio Feb. 23, 2009), the plaintiff sued his former corporate employer, Cooper-Standard, as well as his former supervisor, alleging race discrimination under Title VII. *Butler*, 2009 WL 455337, at *1-2, 6. The supervisor moved for summary judgment on the ground that he had no individual liability. *Id*. at *7. The court, agreeing that there was no individual capacity

4

liability, noted however that "a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the 'alter ego' of the employer," *Id*. at *17 (quoting *Little v. BP Exploration & Oil Co.*, at *362 n.2*).  In this instance, the court found that the plaintiff had not met this standard because he "failed to establish that [the supervisor] had significant control over Plaintiff's hiring, firing and working conditions such that he could be considered the 'alter ego' of [the company]. *Id*. (citing *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993))."  The individual defendant had been a shift supervisor.  *Id.* at *4. The plaintiff had complained about the supervisor's racist, impolite and hostile comments, and the plaintiff's complaints, in turn, had led to the plaintiff's discharge. *Id.* at *3-6.  The supervisor was not alleged to have had any control over the plaintiff's discharge. *Id*. at *15.

In *Campbell v. Korleski*, No. 2:10-cv-1129, 2011 WL 2748641 (S.D. Ohio July 14, 2011), the plaintiff alleged race discrimination under Title VII, naming as defendants the four individuals who constituted his supervisory chain. *Campbell*, 2011 WL 2748641, at *1. The defendants moved to dismiss, but the court, noting that the plaintiff had alleged that the defendants were in his direct chain of supervision, held that, "indulging all reasonable inferences that might be drawn from the pleadings… [the plaintiff] has sufficiently alleged that the defendants possessed varying degrees of control over his working conditions to survive a motion to dismiss." *Id.* at *5.  In denying the motion to dismiss, the court allowed the suit to proceed against all four individuals in their official capacities. *Id.* at *6.

In *Baba-Singhri v. Central State Univ*, No. 3:03cv429, 2008 WL 656497 (S.D. Ohio March 10, 2008), the plaintiff sued the University, the University president, plaintiff's former supervisor, and the supervisor's supervisor, for employment discrimination under Title VII.  *Baba-Singhri*, 2008 WL 656497, at *1-2.  The individual defendants moved for summary judgment, asserting among their defensive arguments that, as individuals, they could not be liable under the Title VII claims.  The material facts were that: the supervisors had both evaluated the plaintiff's performance, and one of them had made the decision to hire an additional person to perform the same job as the plaintiff and had recommended the plaintiff for probation, *Id.* at *3; and the University president had sent a letter to the plaintiff informing him that he was on probation.  The court refused to dismiss any of them,

holding that the Title VII claims could "proceed against [the University] and the individual Defendants, in their official capacities." *Id.* at *8.  see also, *Gurish v. Ohio Dept. of Mental Retardation and Developmental Disabilities,* No. 1:10CV02292, 2012 WL 2931357 (N.D. Ohio July 18, 2012.) [1]

Maudlin has alleged facts in her Complaint that firmly establish that Stout was solely responsible for her termination. In addition, she alleges that Stout founded, presided over and directed the organization, placing him in a position of control over all aspects of its operations and personnel. Stout's control of Maudlin's employment was more direct and decisive, and his control of the organization more pervasive, than that of any of the individual defendants who were held liable in their official capacity in the cases above. Clearly, Stout is subject to Title VII liability in his official capacity.

Furthermore, even though the Complaint on its face is alone sufficient to establish Stout's control over Maudlin's employment, inferences of an even greater degree of control may be drawn. Maudlin, in her position as a cook, was not in a position to observe Stout's full measure of control of his organization. The court should infer from what Maudlin does know and has asserted, that Stout's position permitted him to exert control even beyond what Maudlin could observe. *See, Trimble, supra at *6,* in which the court noted that, because the individual defendant was the owner of the company that employed the plaintiff, it could be inferred that the defendant exercised significant control over the plaintiff's activities, hiring, promotion, and termination.

---

[1] Although private employment cases clearly establish Stout's official capacity liability, cases involving public employers also provide precedence governing the case at hand. There is no distinction between public and private employment in this context, for it is well established that states lack sovereign immunity under Title VII. *Alden v. Maine,* 527 U.S. 706, 753-57 (1999); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, (1976). If states were immune, one might argue that Title VII lawsuits against state entities require the construct of official capacity liability in order to make *some* defendant amenable to suit for a Title VII violation, whereas private-employment suits would not. However, because states are in fact amenable to Title VII suits to exactly the same extent as private employers, there is no functional difference between these two categories of cases, and the same analysis applies. The *Campbell* and *Baba-Singhri* cases therefore illustrate additional applications of the "significant control" standard, and provide further confirmation that Stout easily meets this standard.

**CONCLUSION**

The Complaint amply establishes Stout's significant degree of control over Maudlin's employment and is easily sufficient to defeat Stout's motion to dismiss.

For the foregoing reasons, Plaintiff Jennifer Maudlin respectfully requests that the Court deny Defendant William Stout's Motion to Dismiss Plaintiff's Title VII Claims.

Respectfully submitted,
/s/ James L. Hardiman
James L. Hardiman (0031043)
jhardiman@acluohio.org
TRIAL ATTORNEY
jhardiman@acluohio.org
Jennifer Martinez Atzberger (0072114)
jatzberger@acluohio.org
Freda J. Levenson (0045916)
flevenson@acluohio.org
(Pro Hac Vice)
Drew S. Dennis (0089752)
ddennis@acluohio.org
American Civil Liberties Union of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
(216) 473-2220

Lenora M. Lapidus
llapidus@aclu.org
(Pro Hac Vice)
Mie Lewis
mlewis@aclu.org
(Pro Hac Vice)
American Civil Liberties Union – Women's Rights Project
125 Broad St., 18th Fl.
New York, NY 10004
(212) 519-7848

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The foregoing Memorandum in Opposition to Defendant William Stout's Motion to Dismiss Plaintiff's Title VII Claims was filed on the 12th day of December, 2013 through the Court's Electronic Filing System and parties will be served and may obtain copies electronically through the operation of the Electronic Filing System.

/s/ James L. Hardiman
James L. Hardiman (0031043)
jhardiman@acluohio.org
TRIAL ATTORNEY
jhardiman@acluohio.org