UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JENNIFER MAUDLIN, | CASE NO. 3:13-CV-00354-TMR |
| Plaintiff, | JUDGE THOMAS M. ROSE |
| v. | |
| INSIDE OUT INC., and WILLIAM STOUT, | |
| Defendants, | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM DOC. 12.**

Pending before the Court is Defendant William Stout's Motion to Dismiss Plaintiff's Title VII Claims. Plaintiff, Jennifer Maudlin (Hereinafter Plaintiff), states two claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. prohibiting employment discrimination on the basis of sex and pregnancy and two discrimination claims under Ohio state law. Doc. 1. Defendant Stout moves this Court to dismiss the two claims under Title VII of the Civil Rights Act of 1964 against him under *Federal Rule of Civil Procedure* 12(b)(6) arguing that no personal liability upon Defendant Stout exists under current case law to maintain these two causes of action. Doc. 12. Plaintiff responds that current law supports Defendant Stout being liable in his "official capacity." Doc. 13. Finally, Defendant Stout replies that Plaintiff has not alleged facts sufficient to conclude that Defendant Stout constitutes an "employer" under Title VII, allowing a suit to go forward in his "official capacity." Doc. 14.

1

Because Plaintiff has not alleged sufficient facts to constitute Defendant Stout as an "employer" under Title VII, the Court **GRANTS** Defendant Stout's 12(b)(6) Motion to Dismiss in respect to both Defendant Stout's individual capacity and official capacity.

## I. Factual Background

In the context of a motion to dismiss, the Court must accept as true all of the facts alleged in the complaint.

Plaintiff, Jennifer Maudlin, resides in Springfield Ohio and was employed as a cook at Inside Out Inc., a community center, meal preparation facility, and childcare center located in Springfield Ohio, between 2008 and 2012. Doc. 1 ¶ 7, 8, 10. Plaintiff was unmarried and had a child out of wedlock prior to her employment at Inside Out Inc. *Id* ¶ 13.

Plaintiff alleges that Inside Out Inc. maintains a discriminatory practice of firing unmarried pregnant women employed by them. *Id* ¶ 18. Plaintiff further alleges that Inside Out Inc. does not inquire into the sexual behavior of male employees and does not take adverse action against unmarried male employees who father children. *Id* ¶ 19.

On or about August 28, 2012, Plaintiff informed Cathy Ernst, Inside Out's office manager, that she was pregnant. *Id* ¶ 14. Ernst informed Plaintiff not to work that week but to still come into work on Saturday September 1, 2012 because Inside Out Inc. was short staffed. *Id* ¶ 14. That was the last day Plaintiff reported to work as she called Ernst on September 4, 2012 to see if Plaintiff should report to work on her regularly scheduled shift. *Id* ¶ 15. Ernst indicated that she needed to discuss Plaintiff's situation with Defendant Stout, the founder, president, and director of Inside Out Inc.    *Id* ¶ 15.

Ernst called Plaintiff back shortly thereafter and told her that she could not continue working at Inside Out Inc., indicating that the decision to terminate Plaintiff was made by Defendant Stout. *Id* ¶ 15.

Had Plaintiff not been fired, she would have continued working at Inside Out Inc. during her pregnancy and after the birth of her child. *Id* ¶ 16.

## II. Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) for the Title VII claims. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III. Standard of Review

Defendant Stout seeks dismissal of Plaintiff's Title VII claims under *Federal Rule of Civil Procedure* 12(b)(6). *Federal Rule of Civil Procedure* 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require detailed factual allegations, but it does demand more than mere accusations devoid of factual backing. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). A formulaic recitation of the elements of the cause of action will not suffice. *Id*.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. (citing *Twombly*, 550. U.S. at 570). Facial plausibility requires enough factual content that a court could draw the reasonable inference that the defendant is liable for the misconduct alleged in the complaint. *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must contain facts that push the claim past the line from conceivable to plausible. *Id.* (citing *Twombly*, 550 U.S. at 570). If a claim is not

3

entitled to relief, *Federal Rule of Civil Procedure* 12(b)(6) provides a defense and allows a court to dismiss the claim.

## IV.     Analysis

Defendant Stout, in his Motion to Dismiss and in his Reply, has two arguments, 1) that Plaintiff has not alleged enough facts that would elevate Defendant Stout to "an employer" under Title VII and 2) that current law prohibits individual liability against managers and supervisors under a Title VII claim. Because of this, Defendant Stout argues, Plaintiff's Title VII claims as to Defendant Stout should be dismissed.

### A. Individual Capacity Under Title VII

Defendant Stout argues that individual liability under Title VII is prohibited under current law of the United States Court of Appeals for the Sixth Circuit. Defendant Stout cites to two cases to conclude that Title VII does not provide for personal liability, *Wathen v. General Elec. Co.*, 115 F.3d 400, 405-406 (6th Cir. 1997) and *Han v. University of Dayton*, 2013 U.S. App. LEXIS 22788; 2013 FED App. 0954N (6th Cir. 2013); 2013 WL 5943207.

It is well established under current law of the United States Court of Appeals for the Sixth Circuit that an individual is not liable under Title VII unless they otherwise qualify as an employer despite a plain reading of the statute. *Wathen*, 115 F.3d 400 at 405-406 (6th Cir. 1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an employer, may not be personally liable under Title VII."). According to Title VII, "employer" is defined to mean "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." 42 U.S.C. § 2000e(b). "Agent" is not defined by Title VII but has been interpreted as "an individual who 'serves in a supervisory position and exercises significant control over Plaintiff's hiring, firing or conditions of employment.'" *Wathen*,

115 F.3d at 405-406 (6th Cir. 1997) (citing *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)) (quoting *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993)). However, the United States Court of Appeals for the Sixth Circuit concluded that the agent provision "was to incorporate respondeat superior liability into the statute" and was not providing liability for the agent. *Wathen*, 115 F.3d 400 at 405-406 (6th Cir. 1997). Furthermore, there are compelling reasons for reading the statute in a way that is not in line with a plain reading. Small employers, those who employ less than fifteen employees, are not subject to liability under Title VII so as not to burden them with litigation expenses. 42 U.S.C. § 2000e(b). It would be illogical for Title VII to protect small employers but allow for civil liability for an individual employee. *Wathen*, 115 F.3d at 406 (citing *Tomka*, 66 F.3d at 1314). The legislative history of § 2000e(b) also indicates that individuals are not subject to liability under Title VII as Congress made no mention of agent liability. *Wathen*, 115 F.3d at 406. Finally, the remedies available to a successful plaintiff under Title VII (prior to its 1991 amendment), back pay and reinstatement, are remedies only an employer can provide. *Id*. Compensatory and punitive damages for intentional discrimination under Title VII (added in the 1991 amendment) are adjusted for the size of the employer and not available for employers with less than fifteen employees. *Id*. Therefore, an individual who does not otherwise qualify as an employer is not liable in their individual capacity.

  Here, Defendant Stout is no doubt in a supervisor role as the President of Inside Out Inc. However, Plaintiff has not alleged sufficient facts that would elevate Defendant Stout to the level of an employer subjecting him to individual liability under Title VII. Plaintiff has only stated that Defendant Stout is the founder, president, and director of Inside Out Inc. Defendant Stout's Motion to Dismiss is **GRANTED** in respect to Defendant Stout's Individual Capacity**.**

## B. Official Capacity Under Title VII

Although *Wathen* holds that an individual cannot be held liable unless they are an employer, subsequent decisions have allowed for the possibility of claims against a supervisor to continue in their official capacity.

> While the law is clear that a supervisor cannot be held liable in his or her individual capacity for violations of Title VII, there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer. This Court has not clearly and definitively ruled on this issue and we need not do so today. Under the standards set forth in other circuits that allow supervisors to be sued in their official capacity, Plaintiff has failed to make a showing that Bruzina had significant control over Plaintiff's hiring, firing and working conditions such that he could be considered the "alter ego" of BP.

*Little v. BP Exploration & Oil Co.* 265 F. 3d 357 at 362 n.2 (6th Cir. 2001). The United States Court of Appeals for the Sixth Circuit has not ruled on this particular issue of individual liability in an official capacity suit. *Id*. District courts within the Sixth Circuit have reached varying conclusions using the test described in *Little*, that the supervisor has significant control over the employee's hiring, firing, and working conditions. See *Baba-Singhri v. Central State Univ.*, No. 3:03cv429, 2008 WL 656497 (S.D. Ohio March 10, 2008) (allowing claims to continue against defendants in their official capacities, but dismissing claims as to their individual capacities), *Butler v. Cooper-Standard Auto, Inc.*, No. 8-162, 2009 WL 455337 (N.D. Ohio Dec. 23, 2009) (holding the supervisor did not have enough control over the hiring, firing, and working conditions to be considered the 'alter ego' of the employer), *Trimble v. IQ Group*, No. 1:10-cv-26, 2010 WL 3851398 (E.D. Tenn. Sept. 27, 2010) (holding that the owner of a company was in fact the 'alter ego' of the company and could be considered as an employer under Title VII), *Campbell v. Korleski*, No. 2:10-cv-1129, 2011 WL 2748641 (S.D. Ohio July 14, 2011) (Allowing claims against individuals in their official capacity because defendants did not challenge the validity of Title VII claims against individuals).

Plaintiff cites to the preceding cases as allowing for official capacity claims but none of those cases discuss the implications of official capacity on the personal liability of the individual. Does a claim against an individual in their official capacity open that individual to personal liability? In *Cautela v Ohashi Tecnica* U.S.A., Inc., an employee's claims against a supervisor in both their individual and official capacity were dismissed because the employer was a named defendant as well. 2:08-CV-960, 2009 WL 2431090 (S.D. Ohio Aug. 6, 2009) (Frost, J.). Judge Frost reasoned that when a corporate employer is already being sued under Title VII an official capacity suit against a supervisor adds nothing to the litigation. *Id*. *Cautela* found that under an official capacity suit the employer is still the entity responsible for any relief an employee is entitled to. *Id*. The reasons for not allowing agent liability in an individual capacity suit can be applied to agent liability in an official capacity suit. The remedies available to an employee are ones that only an employer can provide. An individual is not liable under Title VII unless they otherwise qualify as an employer. *Wathen*, 115 F.3d at 405-406 (6th Cir. 1997). *Cautela* found that an official capacity suit provides another avenue for an employee to subject employers to liability via the actions of an employee/supervisor. 2:08-CV-960, 2009 WL 2431090 (S.D. Ohio Aug. 6, 2009). This understanding of official capacity suits is supported by other Courts as well. *See Thanongsinh v. Board of Educ.*, 462 F.3d 762, 771 (7th Cir. 2006); *Norman v. FPL Foods, LLC*, No. CV 109-029, 2009 WL 1904577, at *2 (S.D.Ga. July 1, 2009); *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1186-87 (M.D. Ala. 2000). *See also McBride v. Routh*, 51 F. Supp. 2d 153, 155-57 (D. Conn. 1999) (disallowing official capacity claims entirely). This Court is persuaded by the reasoning of Judge Frost in *Cautela*. See also *Stanley v. Our Lady of Bellefonte Hosp.*, Inc. 2012 WL 4329265, 4 (E.D. Ky. 2012)("Several circuits have thus

reasoned that under Title VII, a supervisor may only be held liable in his "official capacity" as the "agent" of his employer; he may not be held personally liable.").

Here, Plaintiff has alleged that Defendant Stout is the founder, president, and director of Inside Out Inc. Plaintiff also alleges that Ernst consulted Defendant Stout over Plaintiff's employment and that the ultimate decision was his. At this stage and inferring as much as plausible from these two alleged facts; Plaintiff has alleged sufficient facts to continue against Defendant Stout in his official capacity. It can be inferred that Defendant Stout as a founder, president, and director asserted some degree of control of the working conditions at Inside Out Inc. Furthermore, Plaintiff alleges that it was Defendant Stout's decision to fire Plaintiff indicating he had control over the hiring and firing of Plaintiff. From the facts alleged by the Plaintiff it is therefore plausible that Defendant Stout had significant control to be considered the 'alter ego' of Inside Out Inc. However, allowing a suit to continue against Defendant Stout in his official capacity is redundant when Inside Out Inc. is already a named Defendant. Stout will have no personal liability in his official capacity;[1] official capacity liability is simply another avenue for a plaintiff to establish liability on an employer. Defendant Inside Out Inc. would be responsible for any relief Plaintiff is entitled to under that suit. Therefore an official capacity suit is redundant and duplicative of the suit against Inside Out Inc. For those reasons the Motion to dismiss is **GRANTED** in respect to Defendant Stout's official capacity.

**V. Conclusion**

---

[1] The Court expresses no opinion on whether a plaintiff could use the alter ego theory to collect a judgment from an owner of a corporation if the corporation were insolvent.

For the foregoing reasons, Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim is **GRANTED** in respect to both Defendant Stout's Individual Capacity and in respect to Defendant Stout's official capacity.[2]

**DONE** and **ORDERED** in Dayton, Ohio.

April 3, 2014                                                                                    s/Thomas M. Rose

                                                                        THOMAS M. ROSE
                                                                        UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes the contribution of University of Dayton Law School student Ryan Hayes in the preparation of this order.