STATE OF INDIANA FILED    IN THE WAYNE SUPERIOR COURT III

) SS:

COUNTY OF WAYNE  NOV 0 5 2003

CAUSE NO. 89D03- 0311-CM-1838

STATE OF INDIANA _Sue Anne Lower_

Clerk, Wayne Superior Court    INFORMATION FOR: BATTERY, I.C.
           vs.          )    35-42-2-1(a)(1)(A), CLASS A MISDEMEANOR
                        )    (BODILY INJURY)
William Stout )

Clara M Moore _____, affirms that on or about Nov 1st , 2003,

in Wayne County, State of Indiana, William Stout , did then

and there knowingly or intentionally touch ██████ ██████,

in a rude, insolent or angry manner, to-wit: picking victim up by neck

choking against wall - placing in a headlock

resulting in bodily injury to neck - _____, to-wit: pain .

and redness

contrary to Indiana law.

I affirm under the penalties for perjury, as specified in I.C. 35-34-1-2.4, that the foregoing
representations are true, this 5th day of Nov , 2003.

_Clara M Moore_

_David A. K__
Attorney for State of Indiana, Atty#
17th Judicial Circuit
Suite 100, Courthouse
Richmond, Indiana 47374
(765) 973-9394

STATE OF INDIANA )
)SS:
COUNTY OF WAYNE )

IN THE WAYNE SUPERIOR COURT III

FILED

NOV 0 5 2003

*Sue Anne Lower*
Clerk, Wayne Superior Court I'

CAUSE NO. 89D03- 0311- cm- 1838

STATE OF INDIANA )
)
vs. )
)
William Stat )

AFFIDAVIT OF PROBABLE CAUSE
FOR BATTERY

John M Moore _____, under pains and penalty of perjury states:

_____ █████ █ observed: William Stat

knowingly or intentionally touch █████ █ in a rude,

insolent or angry manner, namely, Picking up by neck - choking

Victim - placing him in a head lock.

at 3801 E Main St on November 1st, 2003.

contrary to Indiana law.

I affirm under the penalties for perjury, as specified in I.C. 35-34-1-2.4, that the foregoing representations are true. Attached hereto is a document containing additional facts about this incident. I further affirm under the penalties for perjury, as specified in I.C. 35-34-1-2.4, that those representations are true, this 5th day of Nov , 2003 .(Please attach witness statement or police report).

Further I affirm the battery committed by William Stat _____ was not an act of self defense and was without justification, contrary to Indiana law.

John M Moore

Attorney for State of Indiana, Atty #
17th Judicial Circuit
Suite 100, Courthouse
Richmond, Indiana 47374
(765) 973-9394

# RICHMOND POLICE DEPARTMENT
## Incident Narrative Report

ON NOVEMBER 1ST 2003  OFFICERS MOORE AND CHILCOATE WERE DISPATCHED TO
RICHMOND SQUARE MALL IN REFERENCE TO A BATTERY THAT HAD OCCURRED WHERE
THE SUBJECT WAS BEING RESTRAINED. UPON OFFICERS ARRIVAL WE FOUND A LARGE
GROUP OF PEOPLE STANDING OUTSIDE OF GARFIELDS RESTAURANT WITH TWO
EMPLOYEES OF MALL SECURITY. OFFICERS OBSERVED NO ONE BEING RESTRAINED AT
THE TIME OF ARRIVAL. OFFICERS STOOD THERE FOR SOMETIME BEFORE ANYONE
SPOKE. FINALLY A BLK FEMALE LATER IDENTIFIED AS DEBRA STOUT BEGAN TO SPEAK.
MS STOUT STATED THEY HAD TAKEN A CHILD IN AFTER HIS FAMILY ABANDONED HIM.
THEY (HER FAMILY) HAD COME TO THE MALL TO SHOP TODAY AND THIS CHILD HAD
BEEN DISRESPECTFUL TO HER HUSBAND. MS STOUT STATED THE CHILD BECAME OUT
OF CONTROL AND HAD TO BE RESTRAINED. THE CHILD CAME THEN FROM AN
UNKNOWN LOCATION WITH A GROUP OF OTHER MALE SUBJECTS. THEY ADVISED HIM
TO TELL OFFICERS WHAT HAPPENED. THE CHILD IDENTIFIED TO BE C█████
C█████████ STATED HE AND HIS FAMILY HAD BEEN INSIDE A STORE AT THE MALL. WHEN
HIS ADOPTIVE FATHER, LATER IDENTIFIED AS WILLIAM STOUT. PICKED UP A SHOE
PRODUCT AND BEGAN COMBING HIS HAIR WITH THE BRUSH THAT WAS AT THE END OF
THE CAN. C██████ STATED HE TOLD "BILL" THAT IT WAS WRONG FOR HIM TO DO
THAT AND HE SHOULD PAY FOR IT. C███████ ADVISED OFFICERS WILLIAM WAS UPSET
BY THIS AND AFTER C████████ CONTINUED TO TELL HIM HE SHOULD BUY IT, BILL TOLD
HIM TO LEAVE THE STORE AND GO OUTSIDE. C████ DID THIS AS DIRECTED BUT
CONTINUED TO TELL BILL THAT HE SHOULD BUY THE CAN OF CLEANER SINCE HE HAD
PLACED IT IN HIS HAIR. ONCE OUTSIDE THE STORE C████████ ADVISED BILL WENT TO
GRAB HIS ARM AND HE PULLED AWAY FROM HIM. ACCORDING TO C████████ THIS MADE
BILL ANGRY SO HE GRABBED C████ BY THE NECK AND PUSHED HIM AGAINST THE
WALL AND HELD HIM THERE. C████████ STATED HE MOVED AROUND ENOUGH AND
FINALLY BROKE FREE BUT BILL GRABBED HIM AGAIN AND PUT HIM IN A HEAD LOCK AND
HELD HIM THERE UNTIL RIGHT BEFORE OFFICERS ARRIVED ON SCENE. C████
STATED HE FOUGHT TO GET AWAY FROM HIM SINCE HE WAS HURTING HIM.
OFFICERS SPOKE WITH AN EMPLOYEE OF GARFIELDS WHO WITNESSED THE INCIDENT.
CAIN ADVISED HE OBSERVED THE WHITE MALE PLACE HIS HAND ON THE BLACK MALES
THROAT AND THROW HIM UP AGAINST THE WALL AND HOLD HIM THERE. HE STATED
THE BOY LOOKED AS IF HE COULDN'T BREATH AND WAS FIGHTING TO GET AWAY FROM
THE ADULT. HE ADVISED THE BOY THEN BROKE FREE AT WHICH POINT THE ADULT
MALE GRABBED THE BOY BY THE HEAD AND PUT HIM IN WHAT HE DESCRIBED AS A
HEAD LOCK. THIS BEING HE WRAPPED HIS ARM AROUND THE BOYS NECK AND HELD
HIM THERE. CAIN ADVISED ANOTHER FEMALE WAS STANDING THERE PLEADING WITH
THE ADULT MALE TO LET GO OF THE CHILD THAT HE COULDN'T BREATH. BUT THE
SUBJECT WOULD NOT LET HIM GO. CAIN ADVISED OFFICERS ARRIVED ONLY AFTER THE
MALE SUBJECT HAD LET THE BOY GO.
ANOTHER WITNESS INSIDE GARFIELDS CHRIS FALLON ADVISED HE OVERHEAD
SOMEONE SAY THERE WAS A FIGHT GOING ON OUTSIDE. WHEN HE LOOKED OUT HE
OBSERVED A GROWN MAN RESTRAINING A YOUNGER MALE SUBJECT AND IT APPEARED
TO HE THAT THE YOUNGER MALE COULD NOT GET AWAY FROM THE ADULT. HE
OVERHEAD SOMEONE SAY THERE HAD BEEN PUNCHES BUT DID NOT WITNESS THIS

ACTION.
OTHER WITNESSES INSIDE THE SHOE STORE ADVISED THEY ONLY OBSERVED THE
VERBAL ARGUMENT BETWEEN THE TWO SUBJECTS. BOTH AMANDA ROBERTS AND
CHRISTINE NOLDEN ADVISED THE BOY HAD TOLD THE ADULT HE SHOULD PAY FOR THE
SHOE CLEANER SINCE HE HAD RAN IT THRU HIS HAIR, THEY ADVISED THE ADULT HAD
SAID SOMETHING TO THE BOY AND THE BOY LEFT THE STORE WITH THE ADULT
FOLLOWING HIM. THEY ADVISED THE BOY HAD NOT BEEN DISRESPECTFUL TO HIM, AND
ACTUALLY HAD BEEN VERY NICE AND QUIET WHILE SPEAKING WITH THE ADULT MALE.
CHRISTINE ADVISED THEY DID NOT OBSERVE ANY OTHER INCIDENT.

OFFICER MOORE SPOKE WITH MR STOUT ABOUT THE INCIDENT UPON ARRIVAL. HE
ADVISED C███████ HAD BEEN DISRESPECTFUL INSIDE THE MALL AND THEN WALKED
AWAY FROM HIM. MR STOUT ADVISED HE RESTRAINED C███████ TO KEEP FROM
LEAVING. WHEN ASKED TO DESCRIBE RESTRAINED, MR STOUT ADVISED HE HELD HIS
ARMS. WHEN ASKED IF HE HELD HIM UP AGAINST THE WALL, HE ADVISED HE DIDN'T
REMEMBER DOING THIS. MR STOUT ADVISED OFFICER MOORE THAT HE HAD THE
RIGHT TO RESTRAIN C███████ SINCE HE WAS HIS CHILD. OFFICER MOORE CHECKED
FURTHER INTO THE RELATIONSHIP BETWEEN C███████ AND STOUT AND FOUND THAT
THE STOUTS ARE ONLY GUARDIANS TO C███████ THERE HAS BEEN NO ADOPTION AS
ADVISED BY BOTH WILLIAM AND DEBRA STOUT. BOTH ADVISED OFFICERS C███████
HAD BEEN ADOPTED BECAUSE NO ONE WANTED HIM AND THAT C███████ WAS "DEAD".
WHEN I ASKED STOUT TO ADVISE WHAT HE MEANT BY DEAD, HE STATED, "NOT
PHYSICALLY, BUT SPIRITUALLY." THIS WAS SAID IN FRONT OF C███████ DEBRA ALSO
STATED THEY WERE DONE WITH HIM AND THAT WILLIAM HAD PUT HIS LIFE ON THE LINE
FOR THIS CHILD AND THEIR MARRIAGE WAS SUFFERING DUE TO HIS BEHAVIOR. THESE
STATEMENTS WERE ALSO MADE IN FRONT OF C███████
OFFICERS TOOK C███████ AWAY SO WE COULD SPEAK TO HIM IN PRIVATE. HE FELT
BADLY FOR WHAT HAD OCCURRED BUT FELT BILL WAS WRONG FOR WHAT HE DID AND
HE WAS JUST TELLING HIM THAT WHEN HE GOT MAD ABOUT IT. C███████ DID NOT
WANT HIM ARRESTED AND WAS VERY UPSET WHEN THE DECISION WAS MADE TO TAKE
HIM INTO PROTECTIVE CUSTODY AND TO ARREST STOUT FOR BATTERY.
WHILE SPEAKING WITH C███████. STOUT CAME TO THE LOCATION OF WHERE
OFFICERS WERE STANDING. HE ADVISED HE WANTED TO SPEAK WITH C███████
ALONE. I ADVISED HIM THIS WAS NOT POSSIBLE AND THAT HE NEEDED TO STEP OVER
TO HIS ORIGINAL LOCATION. HE MOVED TWO STEPS AWAY SO THAT HE WAS STILL
WITHIN LISTENING DISTANCE. CAPT COX THEN ADVISED HIM HE NEEDED TO MOVE
AWAY UNTIL WE WERE COMPLETE WITH OUT INVESTIGATION. HE BECAME
BELLIGERENT WITH CAPT COX AND WANTED TO KNOW IF HE WAS GOING TO BE
ARRESTED. WE EXPLAINED TO HIM THAT WE DID NOT HAVE ALL THE INFORMATION YET
AND THAT DECISION HAD NOT BEEN MADE. HE THEN ADVISED OFFICER MOORE THAT
OFFICERS NEEDED TO HURRY AND THAT HE WAS GOING TO LEAVE.
OFFICERS ALONG WITH CAPT COX THEN MADE THE DECISION WITH THE INFORMATION
WE HAD GATHERED THAT STOUT WAS GOING TO BE ARRESTED FOR BATTERY. DUE TO
THE CHILD'S AGE AND THE AGGRAVATION WE CHARGED STOUT WITH A D FELONY

# UCHMOND POLICE DEPARTMENT
## Incident Narrative Report

C█████ WAS TAKEN INTO PROTECTIVE CUSTODY WITH CHILD PROTECTION BEING
NOTIFIED ON THE DECISION. HE WAS THEN TRANSPORTED TO MARY E HILL UNTIL A
DETENTION HEARING IS SET.
STOUT WAS PLACED IN HANDCUFFS AND TRANSPORTED TO HEADQUARTERS FOR
PHOTOGRAPH AND THEN LODGED IN WAYNE COUNTY JAIL FOR BATTERY D FELONY.
CONTACT WAS MADE WITH WITNESSES AND ARRANGEMENTS MADE FOR ALL TO COME
IN FOR TAPED STATEMENTS ON SUNDAY NOVEMBER 2ND.