UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JENNIFER MAUDLIN,

    Plaintiff,

vs.

INSIDE OUT, INC. *et al.*,

    Defendants.

Case No. 3:13-cv-354

Chief Magistrate Judge Sharon L. Ovington
Magistrate Judge Michael J. Newman
(Mediator)

## MEDIATION ORDER

This case is referred to the undersigned for mediation. The case remains assigned for trial and all other purposes to Chief Magistrate Judge Ovington. The undersigned sets this case for mediation on **February 10, 2015** at **the Federal Building, 200 West Second Street, Dayton, Ohio, 45402**. Plaintiff and representatives shall arrive at the mediation at 9:00 a.m. Defendants and representatives shall arrive at the mediation at 10:00 a.m. The terms and conditions of the mediation are as follows:

**Preparation for Mediation:** Not later than **February 6, 2015,** each party is **ORDERED** to submit a Mediation Statement, not to exceed 5 pages, to the undersigned's Chambers[1] stating:

    (a)    The party's position;

    (b)    Factual and legal issues,

    (c)    Damages;

---

[1] All communications with Chambers as required by this Order shall be submitted to newman_chambers@ohsd.uscourts.gov.

(d) Settlement negotiation history of the case, including a recitation of any specific demands and offers/counter-offers conveyed to date;

(e) A concise statement concerning projected costs and fees for the remaining pretrial issues in this case;

(f) Identification of party representative(s) and any other representative(s) who will be attending the mediation in person, as required by this Order; and

(g) Other issues the Court should be aware of including, but not limited to, whether the physical separation of parties is necessary.

Within reason, counsel may also email to Chambers important documents that will assist the undersigned. The parties may reference certain filings on the Court's docket (such as motions) in the Mediation Statement but **SHALL NOT EMAIL, MAIL OR OTHERWISE DELIVER** such filings to the undersigned. Mediation Statements, and appropriate documents submitted therewith, will not be shared with the other party, and will only be used to assist the mediator in understanding the parties' respective positions. Mediation Statements will be maintained by the Court separate and apart from the case file.

**Proposed Settlement Agreement and Response**: In addition to the Mediation Statement described above, Plaintiff is **ORDERED** to separately submit a Proposed Settlement Agreement containing the essential terms demanded before 5:00 p.m. on **February 2, 2015**. Plaintiff's Proposed Settlement Agreement **SHALL** be emailed to Chambers and all counsel of record. Defendants are **ORDERED** to separately submit to Chambers and counsel for Plaintiff a Proposed Settlement Agreement addressing each essential term demanded by Plaintiff before 5:00 p.m. on **February 6, 2015**. Plaintiff **SHALL** arrive at the mediation prepared to immediately respond to the Proposed Settlement Agreement submitted by Defendants.

**Attendance and Participation:** Unless otherwise excused by the undersigned, the Court **ORDERS** each individually named party to attend the mediation in person with trial counsel.

Here, while the undersigned encourages Plaintiff to attend the mediation if at all possible, she is, for good cause shown, excused from attending. Counsel for Plaintiff has represented that they will be vested with full settlement authority. Each corporate entity, in addition to trial counsel, is **ORDERED** to have a corporate representative with complete settlement authority attend the mediation session in person. If a party has insurance, and involvement of the insurance provider is necessary to settle the case, the insurance company representative with complete authority to negotiate a settlement is **ORDERED** to attend the mediation in person.

The Court expects all who attend the mediation -- including but not limited to counsel, the parties, and insurance representatives -- to participate in settlement negotiations in good faith. The Court has no doubt of the good faith of the counsel and the parties involved in this case. Out of an abundance of caution, however, the Court advises that failure to comply with any portion of this Order is sanctionable under Fed. R. Civ. P. 16(f) and S.D. Ohio Civ. R. 16.3(e)(4). This Order constitutes the notice contemplated by S.D. Ohio Civ. R. 16.3(e)(4). The Court may sanction any party, attorney, insurance representative, or other mediation attendee who engages in acts of bad faith, who purposely acts to impede the mediation process in any manner, or who violates any provision of this Order.

Additionally, the Court anticipates devoting a full day to the mediation and expects that all persons involved in the process will work diligently toward settlement during that day. The mediation session will end at or before 5:00 p.m. If necessary, and where significant progress toward settlement has been made by all parties, the mediation can be continued in progress and reset for further proceedings at a later date.

During the time set for mediation, the Court will **not** excuse essential attendees from the session because of any other commitment, including preplanned travel arraignments.

Accordingly, all persons attending the mediation should make any necessary arrangements to stay until the conclusion of the mediation session.

**Confidentiality**: The mediation is governed by S. D. Ohio Civ. R. 16.3(c).

**IT IS SO ORDERED.**

Date:  January 29, 2015  *s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge